## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **Chambers of** | **101 West Lombard Street** |
| **Douglas R. Miller** | **Baltimore, Maryland 21201** |
| **United States Magistrate Judge** | **MDD_DRMChambers@mdd.uscourts.gov** |
| | **(410) 962-7770** |

March 30, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Francyne B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-3772-DRM

Dear Counsel:

On December 30, 2024, Plaintiff Francyne B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 9, and the parties' briefs. ECF Nos. 14, 16, 19. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on July 27, 2021, alleging an amended onset date of August 4, 2021. Tr. 19. Plaintiff was denied initially on February 4, 2022, and upon reconsideration on October 26, 2022. Tr. 17. Plaintiff requested a hearing on December 8, 2022. Tr. 17. An Administrative Law Judge ("ALJ") held a hearing on October 2, 2023. ECF No. 14 at 2. Following the hearing on December 11, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 17-27. The Appeals Council denied Plaintiff's request for review on November 27, 2024, Tr. 1-3, and the so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn Colvin, the Acting Commissioner of Social Security on December 30, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Francyne B. v. Bisignano*
Civil No. 24-3772-DRM
March 29, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 4, 2021, the amended alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of osteoarthritis, diabetes mellitus, degenerative joint disease of the bilateral hips and knees, degenerative disc disease of the lumbar and cervical spine, obesity, and affective disorder. Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours in an 8-hour workday. She can stand and walk for 6 hours in an 8-hour workday. She can only frequently, bilaterally, reach, handle, finger, and feel. She can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ropes, ladders, or scaffolds. She can only occasionally be exposed to moving mechanical parts and unprotected heights and vibration. She is limited to performing simple, routine tasks. She can only frequently interact with supervisors, co-workers, and the public. She can only occasionally adjust to changes in workplace settings.

Tr. 22-23. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy such as marker, router, and laundry sorter. Tr. 26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

*Francyne B. v. Bisignano*
Civil No. 24-3772-DRM
March 29, 2026
Page 3

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence for two reasons. First, Plaintiff contends that the ALJ failed to provide a function-by-function assessment and consider material evidence before making an RFC assessment, specifically regarding Plaintiff's ability to stand and walk. Second, Plaintiff argues that the ALJ did not properly assess Plaintiff's obesity as required by Social Security Ruling ("SSR") 19-2P, 2019 WL 2374244 (May 20, 2019). ECF No. 14 at 7-13. Plaintiff asserts that, although the ALJ acknowledged Plaintiff's obesity as a severe impairment at step two, he failed to provide a sufficient explanation as required by SSR 19-2P, which obligated the ALJ to consider the combined effects of obesity on Plaintiff's other impairments. *Id.* at 14. Plaintiff further argues that neither error was harmless, because had the ALJ found Plaintiff capable of only sedentary work, her age and vocational profile would have mandated a finding of disability under Grid Rule 201.14, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14.

The Commissioner contends that the ALJ provided sufficient support for his RFC conclusion, and adequately considered how each of Plaintiff's conditions impacted her ability to stand and walk—including undertaking the required consideration of her obesity. ECF No. 16 at 7-12. The Commissioner further rejects Plaintiff's Grid Rule argument, noting that if a claimant has non-exertional limitations, the ALJ ordinarily cannot rely exclusively on the Grids and must obtain the testimony of a vocational expert. *Id.* at 13.

In reply, Plaintiff argues that the ALJ did not evaluate how Plaintiff's severe impairments affected her ability to stand and walk for six hours per day as required for light work, cherry-picked evidence, and improperly relied on sporadic daily activities. She acknowledges that the ALJ discussed obesity but contends that he failed to provide any analysis, specifically on how it interacts with her degenerative disc disease and osteoarthritis to compound her standing, walking, and postural limitations. ECF No. 19 at 4.

The Court first considers Plaintiff's argument that, in determining the RFC, the ALJ did not provide the required function-by-function assessment, and ignored material evidence, with regard to Plaintiff's ability to stand and walk. "An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a 'regular and continuing basis.'" *Rodney M. v. Kijakazi*, No. CDA-23-0947, 2024 WL 1097192, at *3 (D. Md. Mar. 13, 2024) (quoting 20 C.F.R. § 416.945(b)–(c)). The ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function

*Francyne B. v. Bisignano*
Civil No. 24-3772-DRM
March 29, 2026
Page 4

basis, how they affect [the claimant's] ability to work" in determining a claimant's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "An ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." *Rodney M.*, 2024 WL 1097192, at *3 (internal citation omitted). As explained by the Fourth Circuit, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311). Thus, "[a] proper RFC analysis proceeds in the following order: (1) evidence, (2) logical explanation, and (3) conclusion." *Id.* at 388.

Importantly, the Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," explaining that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636; *see also Monroe*, 826 F.3d at 188. A "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion.") (internal quotation omitted). Indeed, "the driving consideration is whether the ALJ's analysis allows for meaningful judicial review," *Lail v. Kijakazi*, No. 21-2133, 2022 WL 1711809, at *1 (4th Cir. May 27, 2022). "Thus, . . . remand is appropriate *only* where 'inadequacies in the ALJ's analysis frustrate meaningful review,' such as when an ALJ fails to assess a claimant's capacity to perform relevant functions or does not resolve material disputes in the record." *Delesline-Meggett v. Comm'r of Soc. Sec.*, No. 21-1859, 2023 WL 8230802, at *1 (4th Cir. Nov. 28, 2023) (emphasis added).

Here, the Court agrees with the Commissioner that the ALJ appropriately assessed Plaintiff's ability to stand and walk. The decision as a whole reflects that the ALJ considered the relevant functions and supported the RFC with a sufficient narrative discussion. The ALJ expressly limited Plaintiff to light work, which by definition requires standing and walking for approximately six hours in an eight-hour workday, and explained that this finding was supported by treatment records reflecting generally normal gait, intact strength, and largely unremarkable examinations. Tr. 22-24. In doing so, the ALJ provided an adequate explanation, focusing on impairments that impacted Plaintiff's ability to stand and walk, such as osteoarthritis, diabetes mellitus, generative disc disease, and obesity. Tr. 17-27.

Specifically, the ALJ acknowledged Plaintiff's testimony that she experiences "constant, stabbing pain," has difficulty moving, and needs to lie down during the day, but found that her statements regarding the intensity and limiting effects of her symptoms were "not fully supported."

*Francyne B. v. Bisignano*
Civil No. 24-3772-DRM
March 29, 2026
Page 5

Tr. 23-24. The ALJ cited treatment records showing that Plaintiff "ambulated with a normal gait and without an assistive device," demonstrated "upper and lower extremity strength [of] 5/5," and exhibited only "decreased range of motion of the lumbar spine," with otherwise intact findings. Tr. 24. The ALJ also noted that Plaintiff's conditions "did not lead to debilitating effects on [her] ability to perform work activities," and that she retained the ability to perform activities such as driving her grandchildren to school. Tr. 23. The ALJ also evaluated the opinion evidence and reasonably found the state agency consultants' opinions limiting Plaintiff to light work with postural restrictions to be "generally persuasive" because they were consistent with the objective evidence, while finding a more restrictive opinion from a different medical source unsupported. Tr. 25. The ALJ explained why the record supported a limitation to light work, rather than sedentary work. Therefore, the Court concludes that the ALJ's assessment of Plaintiff's ability to stand and walk is supported by substantial evidence and permits meaningful review, and remand is not warranted on this issue.

The Court next considers Plaintiff's contention that the ALJ failed to evaluate the impact of obesity on other severe impairments. ECF No. 14 at 13. SSR 19-2P explains that "[o]besity is a complex disorder characterized by an excessive amount of body fat[.]" 2019 WL 2374244, at *2. "Health care practitioners diagnose obesity based on a person's medical history, physical examinations, and body mass index (BMI)." *Id.* Obesity is defined in the medical community "as a BMI of 30.0 or higher." *Id.* When assessing a claimant's RFC, ALJs "must consider the limiting effects of obesity." *Id.* at *4. Obesity can lead to a variety of limitations:

> in any of the exertional functions, which are sitting, standing, walking, lifting, carrying, pushing, and pulling. A person may have limitations in the nonexertional functions of climbing, balancing, stooping, kneeling, crouching, and crawling. Obesity increases stress on weight-bearing joints and may contribute to limitation of the range of motion of the skeletal spine and extremities. Obesity may also affect a person's ability to manipulate objects, if there is adipose (fatty) tissue in the hands and fingers, or the ability to tolerate extreme heat, humidity, or hazards.

SSR 19-2P, at *4.

Obesity must be considered in the ALJ's analysis at steps two and three and in the RFC assessment. At step two, the ALJ determines whether obesity in the claimant's specific case rises to the level of severe impairment. *Cassandra W. v. Kijakazi*, No. CBD-20-0153, 2022 WL 279828, at *5 (D. Md. Jan. 31, 2022). At step three, the ALJ must determine whether obesity, independently or in combination with other impairments, meets or equals the requirements of a Listing under the Listings of Impairments. *Id.*; 20 C.F.R., Subpart P, Appendix 1.

In determining a claimant's RFC, the ALJ must consider all impairments, severe and non-severe. SSR 96-8p, 1996 WL 374184 at *5 (S.S.A. July 2, 1996). An ALJ is required to assess and explain the ways in which an obesity impairment hinders a claimant's "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," because obesity can impose increased limitations on a claimant's functional abilities. *Cassandra W.*, 2022 WL 279828, at *5 (quoting SSR 96-8p, 1996 WL 374184 at *5). "The combined effects

*Francyne B. v. Bisignano*
Civil No. 24-3772-DRM
March 29, 2026
Page 6

of obesity with other impairments may be greater than might be expected without obesity." *Id.* An ALJ must explain how they reached their conclusion "on whether obesity caused any physical or mental limitations." *Boston v. Barnhart*, 332 F. Supp. 2d 879, 886 (D. Md. 2004) (finding reversible error when an ALJ fails to mention a plaintiff's obesity at all in the determination of his RFC). This includes "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)," that specifically explain the impact obesity has on other severe impairments. SSR 96-8p, 1996 WL 374184 at *7; *see* SSR 19-2P, 2019 WL 2374244, at *4.

In *Lisa K. v. O'Malley*, the court held the following analysis sufficient to conclude that the ALJ properly considered the plaintiff's obesity:

> the ALJ noted that Dr. Osia's examination yielded passive range of motion limitations "mostly due to body habitus" given Plaintiff's then-BMI of 62.6. . . . The ALJ described Dr. Osia's 'body habitus' findings and opinions in the specific context of Plaintiff's finger dexterity and ability to operate a left-hand control, Plaintiff's mobility and ability to stand/walk, and Plaintiff's ability to "perform work-related activities," all of which are accounted for in the ALJ's RFC determination as set forth above. . . . The ALJ's identification of Plaintiff's obesity as a severe impairment and assurance that he relied on all relevant medical opinion evidence regarding Plaintiff's obesity further suggests that the ALJ properly considered Plaintiff's obesity in determining Plaintiff's RFC.

No. JMC-23-2132, 2024 WL 1466174, at *4 (D. Md. Apr. 4, 2024).

In the instant case, although the ALJ's discussion of obesity is not extensive, it is sufficient to permit meaningful review. The Court does not agree with Plaintiff's contention that the discussion of obesity in conjunction with other impairments is completely absent or limited to a single passing reference. The decision reflects that the ALJ identified obesity as a severe impairment at step two and considered it in combination with Plaintiff's musculoskeletal conditions when evaluating her functional limitations. The ALJ explained that "the combination of the claimant's morbid obesity, lumbar and cervical spine degenerative disc disease, and osteoarthritis requires greater limitations," and incorporated those limitations into the RFC by restricting Plaintiff to a reduced range of light work with additional postural and environmental limitations. Tr. 25. This case is therefore distinguishable from cases requiring remand because the ALJ merely acknowledged obesity without applying it to the claimant's functional capacity. *See, e.g., Tucker v. Colvin*, No. BPG-16-1946, 2017 WL 2472528, at *2 (D. Md. June 8, 2017) (ALJ failed to mentioned obesity in their opinion and the court could not determine if obesity was considered during analysis at step four). Here, the ALJ expressly considered obesity in combination with other impairments, cited substantial evidence in support of his conclusion, and tied that consideration to the RFC assessment with an explanation sufficient to permit review.

Finally, Plaintiff argues that the ALJ's alleged RFC error was not harmless because, had the ALJ limited her to sedentary work, Medical-Vocational Rule 201.14 would have required a finding of disability. ECF No. 14 at 15. However, because the Court finds that substantial evidence supports the ALJ's determination that Plaintiff could perform a reduced range of light work, the

*Francyne B. v. Bisignano*
Civil No. 24-3772-DRM
March 29, 2026
Page 7

Court need not reach the question of harmless error. Therefore, the Court affirms the ALJ's decision.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge